

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| FRANKLIN SANDOVAL NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE JON S. FLEMMER, STATE'S ATTORNEY KERRY F. CAMERON, WARDEN ROBERT DOOLEY, and OFFICER OF THE COURT TIMOTHY J. CUMMINGS, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>Defendants. | 1:15-CV-01001-CBK<br><br>OPINION AND ORDER DISMISSING COMPLAINT |

Plaintiff was convicted of third degree rape in the South Dakota Fifth Judicial Circuit Court, Roberts County, and was sentenced on October 23, 2014, to 25 years custody. He has filed what has been captioned as a civil rights complaint pursuant to 42 U.S.C. § 1983 and petition for removal of criminal proceedings to federal court. He seeks an order vacating his conviction and release from custody. He has filed an application to proceed without the prepayment of fees and an affidavit *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court is satisfied that the plaintiff is indigent. Normally, a prisoner who files a civil rights complaint is required by the Prison Litigation Reform Act, 28 U.S.C. § 1915, to pay the $400.00 filing and docketing fees even if he is indigent. Indigent plaintiffs pay an initial filing fee and the remainder is withheld from their prison trust account in installments until paid in full. As shall be apparent below, this is not a prisoner civil rights case and I will therefore not assess the filing fee.

Plaintiff challenges the validity of his state court conviction. Where a statute specifically addresses the particular issue at hand, it is that authority that provides a basis for relief. *See* Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996). The appropriate means to challenge a state court conviction and sentence is to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I will construe the complaint as a petition for a writ of habeas corpus and hereafter refer to the plaintiff as "petitioner."

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioner to exhaust available state court remedies prior to seeking federal habeas corpus. 28 U.S.C. § 2254(b)(1)(A), Sasser v. Hobbs, 735 F.3d 833, 842 (8th Cir. 2013). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). A state court habeas remedy is available to plaintiff pursuant to SDCL 21-27-1. The petition does not show that petitioner has in fact exhausted his state court habeas remedies. Indeed, given the fact that he was sentenced less than three months ago, he has not even exhausted his state court right to appeal his conviction and sentence. He states in his petition that his direct appeal is still pending. Pursuant to 28 U.S.C. § 2254(b), the petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust his state court remedies.

Following the filing and docketing of this case, petitioner filed a motion opposing the opening of this case as a petition for a writ of habeas corpus rather than as a notice of removal or as a § 1983 case. He acknowledged that he has not exhausted his state court remedies. He seeks expungement of his criminal conviction and immediate release. He cannot proceed in any other manner than under 28 U.S.C. § 2254 after exhausting his direct appeal and state court habeas remedies.

Removal of state court criminal cases is governed by 28 U.S.C. § 1455. Petitioner's request for removal does not comply with the procedural requirement of 28 U.S.C. § 1455(b)(1) that it be filed not later than 30 days after the arraignment in state

2

court or at any time before trial. He has further set forth no grounds for removal as required by 28 U.S.C. § 1455(b)(2).

Accordingly,

IT IS ORDERED:

1. The complaint is construed as a petition for a writ of habeas corpus, which petition is dismissed without prejudice for failure to exhaust state court remedies.

2. The application, Doc. 3, to proceed without the prepayment of fees is denied as moot.

3. The motion, Doc. 7, to treat the petition as a notice of removal or as a civil rights proceeding under 42 U.S.C. § 1983 is denied.

DATED this 2nd day of February, 2015.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge